IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARTYE MADKINS,

           Plaintiff,

vs.                           Case No. 15-3101-SAC-DJW

DAVID L. PLATT, et al.,

           Defendants.

## O R D E R

This is a _pro se_ action pursuant to 42 U.S.C. § 1983, the civil damages provision of the Federal Wiretap Act, 18 U.S.C. § 2520 and Kansas law, K.S.A. 22-2518.  Plaintiff filed this case as a prisoner while facing criminal charges, along with several other defendants, in U.S. v. Banks, Case No. 13-40060 ("Banks").  Plaintiff has been convicted in that case and his conviction is now on appeal to the Tenth Circuit.

Plaintiff's claims in his original complaint arise from one or more wiretaps issued during the investigation leading to the criminal charges in Banks.  Plaintiff alleges that on or about March 5, 2013, defendant Glen Virden, a KBI agent, and defendant Steven Opat, the Geary County District Attorney, applied for a wiretap which was approved by defendant David R. Platt, Geary County District Judge.  Plaintiff contends that defendant Platt lacked the "territorial jurisdiction" to grant the warrant that

1

was issued because it permitted the interception of phone communications outside of Platt's judicial district. Plaintiff also names T-Mobile USA, Junction City Police Chief Timothy Brown, Junction City Police Detective Alvin Babcock, and Riley County Police Department Director Brad Schoen as defendants. The complaint indicates that all of the individual defendants are being sued in their individual and official capacities. The caption of the complaint also lists the KBI, the Junction City Police Department and the Riley County Police Department as defendants. Plaintiff seeks damages as well as unspecified injunctive and declaratory relief.

I.  ORDER TO SHOW CAUSE

This case is now before the court upon a Notice and Order to Show Cause (NOSC) entered by the undersigned judge. Doc. No. 3. Consistent with plaintiff's allegations, the NOSC observed that, in plaintiff's criminal case, Judge Crabtree of this Court held that wiretaps authorized by defendant Platt violated the Kansas wiretap statute, K.S.A. 22-2514 et seq., to the extent that they intercepted phone communications beyond the territorial jurisdiction of Judge Platt's judicial district. Some recorded conversations were suppressed by Judge Crabtree, while those which occurred within Judge Platt's territorial jurisdiction were not suppressed. See U.S. v. Banks, 93 F.Supp.3d 1237 (D.Kan. 2015). Nevertheless, the NOSC suggested

that plaintiff's complaint was deficient in part because: immunity doctrines barred plaintiff's claims for damages against defendants; personal participation was not adequately alleged as to some defendants; illegal policies were not alleged to support an official capacity claim; defendant T-Mobile was exempt from liability because it was following a court order; and plaintiff could not use this litigation to attack rulings (or a conviction) in his criminal case. The court directed plaintiff to show cause why this case should not be dismissed.

Plaintiff has responded to the NOSC with a Statement of Facts (Doc. No. 4) and a Memorandum of Law (Doc. No. 4-1). These pleadings, in addition to addressing plaintiff's wiretap claim, attempt to add a claim that plaintiff was illegally denied appointment of counsel by Judge Platt in state court.

The court reviews plaintiff's response to the NOSC in light of the court's obligation to screen plaintiff's complaint according to the standards reviewed at pp. 5-6 of the NOSC.

## II. DEFENDANT PLATT IS ENTITLED TO ABSOLUTE IMMUNITY AGAINST LIABILITY IN HIS INDIVIDUAL CAPACITY

Plaintiff seeks to sue defendant Platt because he authorized a wiretap or wiretaps outside his territorial jurisdiction and because he refused to appoint counsel for plaintiff when criminal charges were initially brought in state

3

court.[1] Obviously, these are actions Platt took in his judicial capacity. "[A] state judge is absolutely immune from § 1983 liability except when the judge acts 'in the clear absence of all jurisdiction.'" Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir.) cert. denied, 513 U.S. 832 (1994)(quoting Stump v. Sparkman, 435 U.S. 349, 356-57 (1978)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." Stump, 435 U.S. at 356. Because "some of the most difficult and embarrassing questions which a judicial officer is called upon to consider and determine relate to his jurisdiction, the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Id. at 356 (interior quotation and citation omitted). To determine whether a judge acted "in the clear absence of jurisdiction," a court looks "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Id. at 362.

---

[1] Plaintiff's statement of facts suggests the addition of a new claim by making a bald accusation that Judge Platt violated the Interstate Agreement on Detainers Act, 18 U.S.C. App. 2. Doc. No. 4, pp. 3-4. Plaintiff asserts that this in turn violated his due process rights. Plaintiff, however, does not allege sufficient facts to describe a legal or constitutional violation. Plaintiff also does not show cause why defendant Platt would not be immune from liability for a violation of the Agreement on Detainers Act.

Issuing a wiretap order and denying appointment of counsel are clearly actions normally performed by a judge and Judge Platt did not rule in absence of all jurisdiction when he made the orders.   See _Hicks v. Blythe_, 1997 WL 8844 *2-3 (10th Cir. 1/9/1997)(finding immunity where defendant judge allegedly increased the amount of bail without the jurisdiction to do so); _Duty v. City of Springdale, Ark._, 42 F.3d 460, 462-63 (8th Cir. 1994)(distinguishing between acts performed in excess of jurisdiction and those done in the absence of all jurisdiction, where municipal court judge allegedly lacked authority to issue an arrest warrant).   Therefore, Judge Platt is entitled to immunity against plaintiff's § 1983 claims.   The application of judicial immunity applies as well to plaintiff's claims under the federal and state wiretap laws.   See _Dahl v. Charles F.Dahl, M.D., P.C. Defined Ben. Pension Trust_, 744 F.3d 623, 630 (10th Cir. 2014)(approving application of quasi-judicial immunity to claims under wiretap law made against an guardian ad litem); _Babb v. Eagleton_, 614 F.Supp.2d 1232, 1238-40 (N.D.Okla. 2008)(quasi-judicial immunity is a defense to liability under federal wiretap law); see also _Garner v. Wahl_, 2005 WL 3098727 *6 (Kan. App. 11/18/2005)(applying judicial immunity to state law claims against district court judge accused of illegally impaneling a grand jury); see generally _Merryfield v. State_,

2017 WL 945755 *2 (Kan. App. 3/10/17)("[j]udicial immunity is long-established law in Kansas").

III. PLAINTIFF'S STATE LAW CLAIMS AND § 1983 CLAIMS AGAINST STATE AGENCIES OR STATE OFFICIALS IN THEIR OFFICIAL CAPACITY SHALL BE DISMISSED ON ELEVENTH AMENDMENT IMMUNITY GROUNDS.

Defendants Platt, Opat and Virden are state officials for purposes of Eleventh Amendment analysis. Therefore, state law and § 1983 damages claims against them in their official capacities are claims against the State of Kansas and barred by the Eleventh Amendment. See Raygor v. Regents of University of Minnesota, 534 U.S. 533, 540-41 (2002)(state law claims against nonconsenting state defendants in federal court are barred by Eleventh Amendment); Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989)(Eleventh Amendment bars § 1983 actions against a State in federal court); Ellibee v. Fox, 244 Fed.Appx. 839, 843-44 (10th Cir. 2007)(dismissing § 1983 damages claim against a Geary County district judge in his official capacity); Boxum-Debolt v. Office of Dist. Attorney, 2013 WL 5466915 *4 (D.Kan. 9/30/2013)(barring § 1983 claim against Shawnee District Attorney in his official capacity); Kjorlie v. Lundin, 1991 WL 290452 (D.Kan. 12/11/1991)(barring § 1983 claim against a KBI agent in his official capacity).

IV. DEFENDANT SCHOEN SHALL BE DISMISSED UNLESS PLAINTIFF AMENDS HIS COMPLAINT WITHIN 30 DAYS

Plaintiff does not allege facts showing defendant Schoen's personal participation in the alleged illegal conduct. Therefore, he shall be dismissed unless plaintiff's moves to amend the complaint within 30 days of the date of this order. See Iqbal, 556 U.S. at 678 (a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face); Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008)(a § 1983 complaint must demonstrate personal involvement on the part of each individual); Robbins v. Okla. ex rel. Dep't of Human Servs., 519 F.3d 1242, 1250 (10th Cir.2008)(where a plaintiff names several individuals as defendants, the complaint must make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her). Any motion to amend the complaint should include a copy of the proposed amended complaint which contains all of the claims upon which plaintiff wishes to proceed.

V. THE JUNCTION CITY POLICE DEPARTMENT AND THE RILEY COUNTY POLICE DEPARTMENT ARE NOT SUABLE ENTITIES

This court has held that governmental sub-units such as sheriff's departments and municipal police departments are not suable entities. Schwab v. Kansas, 2017 WL 2831508 *13 (D.Kan. 6/30/2017); Ward v. Lenexa, Kansas Police Dept., 2014 WL 1775612

7

*4 (D.Kan. 5/5/2014); <u>Johnson v. Figgins</u>, 2013 WL 1767798 *5 (D.Kan. 4/24/2013); <u>Rivera v. Riley County Police Department</u>, 2011 WL 4686554 *2 (D.Kan. 10/4/2011). Therefore, plaintiff may not proceed with an action against the Junction City Police Department or the Riley County Police Department.

VI. PLAINTIFF'S CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF SHALL BE DISMISSED

Plaintiff's claims for injunctive relief are ill-defined. Plaintiff does not describe an illegal action which may cause imminent harm as required for a preliminary injunction. See <u>Heideman v. South Salt Lake City</u>, 348 F.3d 1182, 1189 (10th Cir. 2003)(a party seeking preliminary injunctive relief must show the injury complained of is imminent). Nor does he describe irreparable harm as required for preliminary or permanent injunctive relief. <u>Id.</u>; <u>Fisher v. Oklahoma Health Care Authority</u>, 335 F.3d 1175, 1180 (10th Cir. 2003)(listing standards for a permanent injunction). Similarly, a declaratory judgment ordinarily should not be granted unless the parties' plans of action are likely to be affected by the declaratory judgment. <u>Jordan v. Sosa</u>, 654 F.3d 1012, 1030 (10th Cir. 2011)(citing and quoting <u>Green v. Branson</u>, 108 F.3d 1296, 1300 (10th Cir. 1997) and <u>Armstrong World Indus., Inc. v. Adams</u>, 961 F.2d 405, 412 (3d Cir. 1992)); see also <u>Barney v. Pulsipher</u>, 143 F.3d 1299, 1306 n.3 (10th Cir. 1998)(a plaintiff cannot maintain a declaratory

judgment action unless he or she can establish a good chance of being likewise injured in the future). Plaintiff does not allege facts which support a declaratory judgment claim.

VII. SUMMARY AND ORDER LANGUAGE

There may be other defenses to plaintiff's claims, some of which are alluded to in the NOSC. But, after careful consideration, the court shall not dismiss any other claims on the face of the pleadings currently before the court.

In summary, the court shall dismiss defendant Platt, the Junction City Police Department and the Riley County Police Department from this case. The court shall also dismiss plaintiff's § 1983 and state law official capacity claims against defendants Opat and Virden as well as plaintiff's § 1983 and state law claims against the KBI. Plaintiff's claims for injunctive and declaratory relief shall also be dismissed.

The court shall permit plaintiff's remaining claims to go forward at this time. The court shall direct the Clerk of the Court to prepare waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon defendants Opat, Virden, Brown, and Babcock. The court further directs the Clerk to prepare summons for service upon the Kansas Bureau of Investigation and T-Mobile. Plaintiff shall be assessed no costs absent a finding by the court that plaintiff is able to pay such costs. Plaintiff has the primary

responsibility to provide sufficient address information for the waiver of service forms or for the service of summons and complaint upon a defendant.  See Nichols v. Schmidling, 2012 WL 10350 *1 (D.Kan. 1/3/2012); Leek v. Thomas, 2009 WL 2876352 *1 (D.Kan. 9/2/2009).  So, plaintiff is warned that if waiver of service forms or summons cannot be served because of the lack of address information, and correct address information is not supplied to the Clerk of the Court, ultimately the unserved parties may be dismissed from this action.  See FED.R.CIV.P. 4(m).

**IT IS THEREFORE ORDERED** that defendants Platt, Junction City Police Department and Riley County Police Department be dismissed from this case and that plaintiff's claims for injunctive and declaratory relief be dismissed.

**IT IS FURTHER ORDERED** that plaintiff's § 1983 and state law claims against defendants Opat and Virden in their official capacities and plaintiff's § 1983 and state law claims against defendant KBI be dismissed.

**IT IS FURTHER ORDERED** that the court shall dismiss defendant Schoen from this action unless plaintiff files a motion to amend the complaint within 30 days of this order.

**IT IS FURTHER ORDERED** that the Clerk issue waiver of summons forms and prepare summons consistent with Section VII of this order.

Dated this 25th day of July, 2017, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge